UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY JOHN FIORILLO,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. CV-09-1693-JLQ
CR-94-427-JLQ

MEMORANDUM OPINION and
ORDER DENYING PETITION
FOR WRIT OF *AUDITA QUERELA*

Before the court is the Petition For A Writ of *Audita Querela* Pursuant To The All Writs Act filed by Flora Edwards, Esq. on behalf of Jerry John Fiorillo. Joshua Hill, Assistant United States Attorney, has responded on behalf of the Government.

The parties hereto are thoroughly familiar with the factual and legal background of this case. The background is comprehensively set forth in this court's Memorandum Opinion and Order Denying Petition For Writ of Habeas Corpus dated September 26, 2006 and filed on October 2, 2006 in the underlying criminal action, CR-94-427-JLQ as Clerk's Record (C.R.) 2118. That Order was also filed in civil file 04-CV-729-JLQ. The background of this case is also set forth in the well-researched and well-presented pleadings of the parties.

In this action the Petitioner seeks a reduction in the Guidelines sentence of 360 months imposed on him by this court in 1999 after a four month jury trial based upon this court's determination of a then-binding Sentencing Guidelines range of 360 months to life. The Petitioner's sentence was imposed following jury findings of guilt to cocaine conspiracy and distribution charges. In sentencing the Petitioner, the court found that

ORDER - 1

the Petitioner was the principal in bringing some 15 kilograms of cocaine each week for a substantial period of time from southern California to northern California. The court also found that Mr. Fiorillo was the supervisor of the Defendant Hermanek, resulting in an increase in his Sentencing Guidelines range. The co-Defendant Anthony Flowers was sentenced to a term of 336 months. As a result of a decision of the Ninth Circuit Court of Appeals on the original appeal, Flowers was subsequently resentenced in 2005 by this court to imprisonment for a term of 312 months. Flowers benefitted from the intervening decision of the United States Supreme Court in *United States v. Booker,* 543 U.S. 220 (2005), which made the Sentencing Guidelines advisory rather than mandatory. The Petitioner herein, Jerry John Fiorillo, cannot benefit from the *Booker* decision as his sentence was final prior to the 2005 *Booker* opinion being filed and *Booker* does not apply retroactively. *United States v. Cruz*, 423 F. 3d 1119, 1121 (9th Cir. 2005).

By reason of the post-*Booker* 24 month reduction in the sentence imposed on Anthony Flowers, the Petitioner herein seeks to have his sentence reduced from the pre-*Booker* sentence of 360 months, citing *United States v. Kessack*, 2008 WL 189679 (unreported) (W.D. Wash. 2008). In *Kessack,* Judge Thomas Zilly, a knowledgeable and experienced trial judge, granted a Petition For Writ of Audita Querela over the Government's objection, as in this case, that the Petition was a second or successive Petition For Writ of Habeas Corpus. Judge Zilly granted the Writ to avoid the obvious unfairness of Kessack having to serve a 360 month sentence, but his equally responsible co-Defendants, benefitting from an appellate reduction in their sentences from 360 months to 120 months, serving sentences 240 months (20 years) less than co-Defendant Kessack. One could hardly quarrel with the wisdom exercised by Judge Zilly and the Government obviously recognized that wisdom and fairness by not appealing Judge Zilly's Writ of Audita Querela decision.

Without passing judgment on the legal issues of the instant Petition For Writ of Audita Querela, the court concludes that even if such a Petition has legal efficacy, it

ORDER - 2

cannot issue in this case.  The matter, *sub judice*, is in sharp contrast to the Kessack matter.  While the Petitioner argues that Anthony Flowers was more culpable than Fiorillo, such was not the finding of this court.  As stated, *supra,* the court found that Fiorillo was the principal importer of large quantities of cocaine (15 kilograms per week) on an ongoing basis to northern California from southern California.  Fiorillo utilized and supervised Robert Hermanek in this importation.  Flowers was a purchaser of much of this cocaine from Fiorillo.  Flowers then sold and distributed the cocaine to his customers in the East Bay area.  Fiorillo was originally given a low end of the Guidelines sentence of 360 months and Flowers was sentenced to 336 months.  Fiorillo's Guideline range was increased 24 month by reason of his supervisor role.  On resentencing, Flowers benefitted from the *Booker* decision in that his sentence was reduced 24 months (7 %) from the original sentence of 336 months.  This difference in sentences of 24 months is not such that would warrant the court in finding the consummate unfairness that was obvious in the *Kessack* case.  While this court may not have imposed a 360 month sentence on Mr. Fiorillo if sentencing post-*Booker*, that is not a matter that this court can consider.  Such would be a violation of *United States v. Cruz*, *supra.*

For the foregoing reasons, IT IS HEREBY ORDERED that the Petition For Writ of Audita Querela must be and it is hereby DENIED.

The Clerk shall enter this Order, enter judgment denying the Petition For Writ of Audita Querela, furnish copies to counsel, and close this file.

Dated this 9th day of February, 2009.

                              s/ Justin L. Quackenbush
                       JUSTIN L. QUACKENBUSH
             SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3